

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAY EDWARD BROOKINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-939-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Ray Edward Brookins, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

Petitioner is serving two ten-year sentences on his 2010 Ward County convictions for improper relationship between educator and student in Case No. 07-04-04842. Pet. 2, ECF No.

On April 1, 2014, petitioner was denied release to mandatory supervision by the Texas Board of Pardons and Paroles (the Board) pursuant to § 508.149(b) of the Texas Government Code.[1] Ex. D, A-13, ECF No. 2. The record reveals that the Board gave petitioner notice that he was to be considered for mandatory supervision and an opportunity to submit information in favor of his release on January 28, 2014, that the Board notified petitioner in writing that he was denied supervised release and the reasons for its denial on April 1, 2014, and that the Board informed petitioner that his next review date was set for March 2015. Id. at A-14; Resp't's Answer Ex. A, ECF No. 14. The Board denied petitioner's release for the following reasons:

> 9D1- The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.
> 9D2. The record indicates that the inmate's release would endanger the public.
> 2D. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; or the record indicates use of a weapon.

---

[1]TDCJ's website reflects that petitioner has since been denied release to mandatory supervision on December 10, 2015, and that his next parole review date will be in December 2016.

2

Pet'r's Mem., Ex. D, A-13, ECF No. 2.

Petitioner sought administrative relief *via* a request for "Special Review" to no avail and filed a state habeas corpus application challenging the Board's decision, which was denied without written order by the Texas Court of Criminal Appeals. *Id.*, Ex. K, A-33; WR-82,003-01, ECF No. 10-1; WR-82,003-01 269-79, ECF No. 10-6. This federal petition followed.

Petitioner asserts that the Board is misapplying § 508.149(b) to his case and that the Board's decision to deny his release to mandatory supervision violates his right to due process, equal protection of the law, and/or the ex post facto clause because–

(1) the Board's decision is arbitrary;
(2) the Board's "inclusion of reason 2D" usurps the authority of the Texas legislature;
(3) the Board failed to comply with the statutory procedures outlined in Texas Government Code 508.149(c);
(4) the Board used the parole guidelines;
(5) the Board failed to properly consider his request for Special Review; and
(6) the Board used "an Administrative Code as the controlling or governing statute in order to circumvent the mandate requiring a Parole panel to specify in writing the reasons for the determination" denying mandatory supervision.

Pet. 6-7 & Attach., ECF No. 1.

## II. Rule 5 Statement

Respondent believes that petitioner has sufficiently

3

exhausted his state remedies and that the petition is neither time-barred nor successive. Resp't's Ans. 3, ECF No. 14.

### III. Discussion

The Texas mandatory supervision statute in effect in 2004 when petitioner committed the offenses provides that "a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.01, 1997 Tex. Gen. Laws 327, 426 (current version at TEX. GOV'T CODE ANN. § 508.149(b) (Vernon Supp. 2014)). However,

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>
> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
> (2) the inmate's release would endanger the public.
>
> (c) A parole panel that makes a determination under Subsection (b) shall specify in writing the reasons for the determination.

*Id.* at 427.

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim

4

violation of a federal constitutional right to be entitled to relief. *Narvaiz v. Johnson,* 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of a petitioner's sentence must arise from state law. The Fifth Circuit has held that Texas's mandatory supervision scheme does create a constitutional expectancy of early release for eligible inmates and, as such, a protected liberty interest entitling an inmate to minimum due process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000).

Toward that end, the Texas Court of Criminal Appeals has determined that, in this context, constitutional due process requires that an eligible inmate be provided timely notice of the specific month and year he will be considered for mandatory supervision release and a meaningful opportunity to be heard-*i.e.*, an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28

5

S.W.3d at 559-60; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Ex parte Geiken*, 28 S.W.3d at 560.

Petitioner was given timely notice that he would be considered for mandatory supervision release, an opportunity to present or have presented evidence to the Board in support of his release, the reasons for the Board's denial, and the month and year he would be next considered. Accordingly, he received all the due process he was due. The Board is not required to be more specific when stating the reasons for its decision or to provide evidence in support of its decision. *Boss v. Quarterman*, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives"). Nor does the Board's failure to follow its own procedural rules and regulations establish a *per se* violation of petitioner's due process. *Dixon v. Hastings*, 202 Fed. Appx. 750, 751 (5th Cir. 2006).

Petitioner's challenge to the Board's authority and factors 9D1 and 9D2 considered by the Board is also without merit. The statute calls on the Board to evaluate the inmate's potential for

6

rehabilitation and whether his release would endanger the public. The Texas Court of Criminal Appeals has held these are valid concerns in making the release decision and are not so vague as to provide the Board with no guidance in their decision. *Ex parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000). This construction is binding on this court. *Ferguson v. Estelle*, 718 F.2d 730, 733 n.5 (5th Cir. 1983). The Board made the determination that petitioner's accrued good conduct time is not an accurate reflection of his potential for rehabilitation and that his release would endanger the public and it listed additional factors contributing to its decision. The Board fulfilled all due process requirements.

Finally, petitioner's *ex post facto* claim fails because he is serving his ten-year sentences for offenses committed on October 24, 2004, after the effective date of § 508.149(b). *See McCall v. Dretke*, 390 F.3d 358, 363-66 (5th Cir. 2004). Nor has petitioner shown that the Board denied his release to mandatory supervision because of any purposeful discrimination or any impermissible motive, such as race. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-08 (5th Cir. 1997).

Petitioner has failed to demonstrate that he is in custody in violation of the Constitution of the United States. 28 U.S.C.

§ 2254(a). Because petitioner has failed to prove that a federal constitutional violation occurred, the state court's determination of the claims presented is not contrary to or involve an unreasonable application of clearly established federal law as determined by the Supreme Court nor does it appear to be based on an unreasonable determination of facts in light of the evidence presented in the state-court proceedings. *Id.* § 2254(d). The state court's adjudication of the issues presented is thus entitled to a presumption of correctness. *Id.* § 2254(e)(1).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED December 22, 2015.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

8